IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BUILDING OWNERS AND MANAGERS ASSOCIATION OF CHICAGO, | ) ) ) | |
| | ) | Case No. 19-cv-7212 |
| Plaintiff, | ) | |
| v. | ) ) | Honorable Thomas M. Durkin |
| THE CITY OF CHICAGO, | ) | Magistrate Judge Sunil R. Harjani |
| Defendant | ) | |

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendant City of Chicago ("City"), by its attorney Mark A. Flessner, Corporation Counsel for the City, respectfully moves, pursuant to Federal Rule of Civil 12(b)(6), to dismiss Plaintiffs' Complaint for failure to state a claim upon which relief can be granted. The City also moves for dismissal of one of Plaintiff's claims for lack of standing pursuant to Federal Rule of Civil Procedure 12(b)(1). In support of this motion, the City states as follows:

1. The Complaint challenges the "Chicago Fair Workweek Ordinance," to be codified at Chapter 1-25 of the Municipal Code of Chicago ("Ordinance"). Among other things, and subject to various exceptions, the Ordinance requires covered employers to provide notice to certain employees of upcoming work schedules, and also contains requirements concerning changes made to work schedules and the filling of additional shifts. Plaintiff contends that the Ordinance is preempted by the National Labor Relations Act (Count I), violates the federal and state Equal Protection Clauses (Counts II & III), and exceeds the City's home rule authority under the Illinois Constitution (Count IV).

2.      Motions under Rule 12(b)(1) and 12(b)(6) are governed by the same standard. See Silha v. ACT, Inc., 807 F.3d 169, 174 (7th Cir. 2015).  The Court first strips away any conclusory statements in the complaint and considers only "well-pleaded factual allegations." Id.  Then the Court determines whether the well-pleaded factual allegations "plausibly suggest a claim of subject matter jurisdiction," id., or – in the Rule 12(b)(6) context – whether those allegations "'state a claim to relief that is plausible on its face,'" Adams v. City of Indianapolis, 742 F.3d 720, 728 (7th Cir. 2014) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

3.      Count I fails to state a claim for preemption under the National Labor Relations Act because the Ordinance sets lawful minimum labor standards that do not intrude upon matters protected by the NLRA.

4.      Counts II and III fail to state an equal protection claim because the Ordinance's regulation of certain types of employers of a certain size, and the ability of parties to a collective bargaining agreement to waive the Ordinance's requirements, do not amount to unlawful differences in treatment because they are rationally related to legitimate government interests.

5.      Count IV fails to state a claim that the Ordinance exceeds the City's home rule authority under the Illinois Constitution.  The Ordinance is a lawful exercise of home rule authority because it pertains to the City's government and affairs.  Further, Plaintiff lacks standing to challenge the Ordinance's creation of a private right of action because the City, the only defendant to this suit, is not the entity that would bring a private action under the Ordinance.

6. The City is filing a memorandum in support of this motion that discusses the reasons for dismissal in more detail, and the City hereby incorporates that memorandum by reference.

## CONCLUSION

For the foregoing reasons, Plaintiff's Complaint should be dismissed in its entirety.

Date: January 17, 2020                                   Respectfully submitted,

ANDREW WORSECK                                           MARK A. FLESSNER,
andrew.worseck@cityofchicago.org                         Corporation Counsel for the City of Chicago
OSCAR PIÑA
oscar.pina@cityofchicago.org                             By:   /s/ Andrew Worseck
JORDAN A. ROSEN                                          Chief Assistant Corporation Counsel
jordan.rosen@cityofchicago.org
City of Chicago Department of Law
Constitutional and Commercial
 Litigation Division
30 North LaSalle Street, Suite 1230
Chicago, Illinois 60602
(312) 744-7129 / 742-0797 / 744-9018

*Attorneys for Defendant*